IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICIA P. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-04-1328-T |
| ) | |
| JO ANNE B. BARNHART, Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Judge Purcell recommends affirmance of the decision of the Social Security Administration denying Plaintiff's application for disability insurance benefits. Plaintiff has timely filed a written objection. Thus the Court must make a de novo determination of any portion of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff challenges Judge Purcell's finding that there is substantial evidence to support the finding of the administrative law judge (ALJ) at the fifth step of the sequential analysis that Plaintiff acquired skills from her past work as a registered nurse that are transferable to other work consistent with her advanced age and residual functional capacity. Plaintiff objects to two aspects of the Report. First, Plaintiff complains of a lack of express findings regarding transferable skills and faults Judge Purcell's reliance on testimony of the vocational expert (VE) to identify skills acquired by Plaintiff in past nursing work. Second, Plaintiff faults both the ALJ and Judge Purcell for relying on the VE's testimony to establish that other identified jobs are sufficiently similar to her past work

to require very little vocational adjustment. *See* 20 C.F.R. § 404.1568(d)(4). The Court addressees each issue in turn.[1]

The Court first rejects Plaintiff's contention that the ALJ failed to identify transferable skills. The ALJ specifically questioned the VE on this point and referred to this testimony in his decision. It may have been preferable for the ALJ to include the identified skills in the text of his decision, as contemplated by Social Security Ruling 82-41. *See Dikeman v. Halter*, 245 F.3d 1182, 1185 (10th Cir. 2001). Any error in this regard, however, was harmless.

Plaintiff concedes the VE named one skill acquired in her past work as a registered nurse providing patient care and as a director of nursing at a nursing home: record keeping and charting information on patients. She complains, however, that other "skills" were two vaguely stated to satisfy the Commissioner's definition of that term. *See* S.S.R. 82-41, reprinted at 1982 WL 31389, at *2. When questioned about Plaintiff's transferable skills, the VE answered:

> The claimant's background as a Registered Nurse, her knowledge of all types of record keeping and charting on patients, medical knowledge, knowledge of certain insurance coverage, all of those, Your Honor, would be transferable into sedentary jobs that we can identify for you.

(R. at 209.) At the conclusion of his testimony, the VE again addressed Plaintiff's vocational skills when asked whether he wished to stress any aspect of her case:

> [T]he record of the claimant vocationally speaks very well for her. She was a very productive employee as a Registered Nurse, highly trained and skilled, and worked many years in that capacity.

(R. at 211.)

---

[1] Plaintiff has waived further review of any issue not specifically addressed in her objection. *See United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996) (requiring specific objection to preserve an issue for appellate review); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (affirming similar Sixth Circuit rule).

Plaintiff complains about the VE's characterization of areas of knowledge as "skills." The Court finds, however, the reference to "medical knowledge" acquired in nursing work adequately identifies a "skill," which means "a practical and familiar knowledge of the principles and processes of an art, science, or trade, combined with the ability to apply them in practice in a proper and approved manner." 1982 WL 31389 at *2. Plaintiff's ability to understand and apply knowledge of medical terminology and procedures is apparent from her lengthy, detailed lists of activities done as a home health nurse, a staff nurse in a nursing home, and a director of nurses in a nursing home. (R. at 59, 72-75.) On the other hand, the Court finds insufficient evidence to support a finding that Plaintiff acquired in her nursing work an ability to understand and apply knowledge of insurance coverage terms and procedures. Thus the ALJ erred in accepting the VE's identification of a skill with respect to knowledge of insurance coverage. Notwithstanding this error, however, the record fully supports the ALJ's finding that Plaintiff "possesses acquired work skills" that could be transferred to other occupations. (R. at 12.)

The question becomes whether the specified occupations to which the skills are transferable – hospital admitting clerk and medical voucher clerk – are sufficiently similar to require very little vocational adjustment.[2] The ALJ expressly relied on the VE's assessment to find Plaintiff's skills were "readily . . . transferable to semi-skilled (medical-related) clerical jobs at the sedentary level." (R. at 12.) The VE testified that as a registered nurse with "a great deal of knowledge in that occupational family," these jobs in medical and hospital settings at a semi-skilled level "really are quite simple as it relates to her level of training" and there would be no major adjustment because the jobs are "very related to the medical and nursing profession." (R. at 212.)

---

[2] The Court accepts Judge Purcell's finding of error in the ALJ's listing of a third occupation, tumor registrar, which is not mentioned in Plaintiff's objection.

3

Plaintiff's sole basis for challenging the ALJ's finding of readily transferable skills is a perceived conflict between the VE's testimony and the *Dictionary of Occupational Titles*. Plaintiff finds a discrepancy between the VE's opinion the identified jobs are sufficiently similar and the *Dictionary*'s description of "very different" job duties. The Court is not inclined, as Plaintiff argues, to engage in a "free-form exercise" comparing lists of job duties. If it were, the Court would find no conflict between a finding that a registered nurse providing patient care and charting medical information could easily perform the duties of a hospital admitting clerk, who interviews incoming patients, obtains and records basic information, explains hospital rules, and escorts or arranges for escort of a patient to a room. *Dictionary of Occupational Titles*, 205.362-018. In this case, however, a vocational expert was expressly asked to make the required comparison under the standard for transferability of skills applicable to individuals with advanced age.[3] The Court concurs in Judge Purcell's conclusion that the ALJ was entitled to rely on the VE's opinion on this issue.

For these reasons, the Court adopts Judge Purcell's Report and Recommendation [Dkt. 21] in its entirety. The Commissioner's decision is AFFIRMED. Judgment will be entered accordingly.

IT IS SO ORDERED this  23rd  day of January, 2006.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE

---

[3] Using the exact language of § 404.1568(d)(4), Plaintiff's attorney asked: "[H]ow do the work processes, work settings, tools and industry for her past work compare to those for these occupations you identified?"  (R. at 212.)